IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JANELLE NICOLE WATSON-DAVIS,    )
                                )
            Plaintiff,          )
                                )
    v.                          )    1:23CV318
                                )
JASON WILLIAMS, et al.,         )
                                )
            Defendants.         )

**MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 1) (the "Application"), filed in conjunction with her pro se Complaint (Docket Entry 2). For the reasons that follow, the undersigned will grant the Application for the limited purpose of recommending dismissal of this action.

**RELEVANT STANDARDS**

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because [her] poverty makes it impossible for [her] to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [is] not without its problems. . . . In particular, litigants suing in forma pauperis

d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A plaintiff "fails to state a claim on which relief may be granted," id., when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1] Similarly, a court need not

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must
(continued...)

accept "bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

## BACKGROUND

Asserting claims under 15 U.S.C. § 1635(a) & (b) (Docket Entry 2 at 2)[2] for alleged violations of the Truth in Lending Act (the "TILA"), Plaintiff initiated this action against Jason Williams and Santander Consumer USA (collectively, the "Defendants") (id. at 1). According to Plaintiff's Complaint:

"[Defendants] did not provide [the] required forms under [Section 1635] to [Plaintiff]. [They] did not act in accordance with regulations of the Bureau. They failed to provide the appropriate forms to [Plaintiff] on her right to rescind the transaction." (Id. at 2.) Further, "[o]nce [Plaintiff] exercised

---

[1](...continued)
be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Off. of the Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

[2] Docket Entry page citations utilize the CM/ECF footer's pagination.

3

her right to rescind, relief was not provided by [Defendants]." (Id.)  The Complaint requests "[e]quitable relief . . . in the amount of $20,067" and also seeks to "[t]erminate the security interest in said property [and to r]emove [the] account from Credit Bureaus."  (Id. at 3.)

## DISCUSSION

Under Section 1635,

> in the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the [borrower] shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under [TILA], whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of h[er] intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any [borrower] in a transaction subject to this section the rights of the [borrower] under this section.  The [borrower] shall also provide, in accordance with regulations of the Bureau, appropriate forms for the [borrower] to exercise h[er] right to rescind any transaction subject to [Section 1635].

15 U.S.C. § 1635(a) (emphasis added).

Section 1635 thus provides "an unconditional right to rescind for three days, after which [the borrower] may rescind only if the lender failed to satisfy [Section 1635]'s disclosure requirements." Jesinoski v. Countrywide Home Loans, Inc., 574 U.S. 259, 262 (2015).  However, "[e]ven if a lender never makes the required disclosures, the right of rescission shall expire three years after

4

the date of consummation of the transaction or upon the sale of the property, whichever comes first." Id. (internal quotation marks and emphasis omitted). Finally, "[w]hen [a borrower] exercises h[er] right to rescind under [Section 1635(a), s]he is not liable for any finance or other charge, and any security interest given by the [borrower] . . . becomes void upon such a rescission." 15 U.S.C. § 1635(b).

## I. Disclosure Challenge

To begin, the Complaint asserts that Defendants "did not provide [the] required forms under [Section 1635(a)] to [Plaintiff] . . . on her right to rescind the transaction" and "did not act in accordance with regulations." (Docket Entry 2 at 2.) Importantly, however, the Complaint fails to specify whether the relevant transaction created a security interest in Plaintiff's "principal dwelling," 15 U.S.C. § 1635(a). (See Docket Entry 2 at 1-3.)[3] Although the Complaint seeks to "[t]erminate [the] security

---

[3] The relevant regulation defines "dwelling" as "a residential structure that contains one to four units," which can include a "mobile home . . . if it is used as a residence." 12 C.F.R. § 226.2(a)(19). However, the Complaint specifies that "Plaintiff resides" at a residential street address. (Docket Entry 2 at 1; see also id. at 3.) The Complaint also contains no indication that the relevant property involves a mobile home. (See id. at 1-3.) To the contrary, the Complaint's references to "Mark Ficken Ford Lincoln" (id. at 1) suggest that this matter may involve an automobile. Importantly, courts have consistently rejected the proposition that Section 1635 applies to vehicles. See, e.g., Hudson v. Scharf, No. c21-5827, 2022 WL 1227111, at *2-3 (W.D. Wash. Apr. 25, 2022) ("[T]he consumer transaction [plaintiff] seeks to rescind is a vehicle purchase that does not have any alleged (continued...)

5

interest in said property" (id. at 3), it does not identify "said property" (id.). (See id. at 1-3.) Because the Complaint fails to allege the creation of a security interest in a qualifying residence (see id.), Plaintiff's Section 1635(a) claim fails. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). The Court should therefore dismiss Plaintiff's Section 1635(a) claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Post-Rescission Challenge

The Complaint's failure to establish the relevant property as a principal dwelling necessarily precludes Plaintiff's claim under Section 1635(b), which provides for certain relief "[w]hen a [borrower] exercises h[er] right to rescind under [Section

---

[3](...continued)
connection to his principal dwelling, [and thus] he cannot state a claim for relief under [S]ection 1635 of TILA."); Davis v. Bridgecrest Acceptance Corp., No. 4:21-cv-0554, 2022 WL 1087207, at *3 (W.D. Mo. Apr. 11, 2022) (dismissing Section 1635 claim when "the underlying loan created a security interest in [plaintiff's] vehicle, not his primary residence"); Washington v. Pacific Credit Exch., No. 21-cv-02374, 2021 WL 5868981, at *4 (N.D. Cal. Nov. 17, 2021) (holding that Section 1635 "does not apply to the car loan at issue"), recommendation adopted, 2021 WL 5865531 (N.D. Cal. Dec. 10, 2021); Walker v. United States Bank, No. 3:21-cv-0758, 2021 WL 5701498, at *3 (N.D. Tex. Nov. 1, 2021) ("[A] Chevrolet Silverado . . . does not qualify as a 'principal dwelling' under [Section 1635]."), recommendation adopted, 2021 WL 5630922 (N.D. Tex. Nov. 30, 2021); Jennings v. Santander Consumer USA, Civ. Action No. 21-02468, 2021 WL 6845248, at *2 n.2 (W.D. Tenn. Sept. 21, 2021) ("It is doubtful that a standard passenger car could ever be covered by § 1635."), recommendation adopted, 2022 WL 386094 (W.D. Tenn. Feb. 8, 2022); McCray v. Jefferson Chevrolet Co., Inc., No. 17-cv-12058, 2018 WL 1964674, at *4 (E.D. Mich. Apr. 26, 2018) ("[Section] 1635[ is ]a section about home mortgages . . . .").

1635](a)," 15 U.S.C. § 1635(b). Moreover, even setting aside this deficiency, Plaintiff's rescission-relief claim independently lacks sufficient factual detail to state a viable claim. In this regard, the Complaint only asserts that Plaintiff "exercised her right to rescind" and "[r]elief was not provided by [Defendants]." (Docket Entry 2 at 2.) As an initial matter, the Complaint contains no facts regarding Plaintiff's alleged exercise of her right to rescind or her timely exercise of that right. (See id. at 1-3.) In particular, the Complaint says nothing regarding the timing or nature of the disputed interactions. (See id.) As noted, TILA provides either a three-day or three-year window for rescission, dependent on whether a creditor provides the required disclosures. See 15 U.S.C. § 1635(a); see also Jones v. Saxon Mortg., Inc., 537 F.3d 320, 327 (4th Cir. 1998) (holding that three year limit acts as "absolute time limit" and "time period [of three years] is typically not tolled for any reason"); Bradford v. HSBC Mortg. Corp., 799 F. Supp. 2d 625, 633 (E.D. Va. 2011) (dismissing TILA claims as time-barred), reconsideration denied, 838 F. Supp. 2d 424 (E.D. Va. 2012). Here, the Complaint lacks any indication of the timing of Plaintiff's alleged "exercise [of] her right to rescind" (Docket Entry 2 at 2). (See id. at 1-3.)

To exercise the right to rescind, a borrower must "communicat[e] in writing to her creditor her intention to rescind." Gilbert v. Residential Funding LLC, 678 F.3d 271, 277

7

(4th Cir. 2012).  Additionally, "[t]he right to rescind or exercise of the right to rescind is not the same as full rescission, which contemplates a full unwinding of the transaction and a return to the status quo prior to the transaction."  <u>Baker v. Bank of Am., N.A.</u>, No 5:13-cv-92, 2014 WL 298909, at *4 (E.D.N.C. Jan. 27, 2014) (internal quotation marks omitted).  "The security interest, therefore, only becomes void upon full rescission."  <u>Id.</u>

To accomplish full rescission, "more is required" than "merely communicating in writing to [a creditor that a borrower] inten[ds] to rescind."  <u>Gilbert</u>, 678 F.3d at 277.  "Either [the creditor] must acknowledge that the right of rescission is available and the parties must unwind the transaction amongst themselves, or [the borrower] must file a lawsuit so that the court may enforce the right to rescind."  <u>Id.</u> (internal quotation marks and brackets omitted).  The Complaint fails to plausibly allege that Plaintiff properly notified Defendants of her intent to rescind or that Defendants acknowledged any right of rescission.  (<u>See</u> Docket Entry 2 at 1-3.)  "As such, Plaintiff's allegations [against Defendants] do not rise above the level of mere speculation."  <u>Studivent v. Lankford</u>, No. 1:10cv144, 2010 WL 1568451, at *2 (M.D.N.C. Apr. 16, 2010), <u>recommendation adopted</u>, 2012 WL 1205722 (M.D.N.C. Apr. 11, 2012).  Accordingly, the Court should dismiss any rescission-related claims against Defendants for failure to state a claim upon which relief may be granted.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

8

## CONCLUSION

This action fails to state a viable claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim.

**IT IS ORDERED** that Plaintiff shall file any motion to amend the Complaint by October 30, 2023.[4]

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

October 16, 2023

---

[4] Although Plaintiff could potentially cure some of the identified deficiencies by amending her Complaint, it appears unlikely that she could ever satisfy the principal dwelling element; nonetheless, the allowance for an opportunity to amend will resolve all doubt before the Court acts on the recommendation of dismissal.

9